In the Matter of the Application of JOSEPH H. BENNETT for an Order of Mandamus Directed to WILLIAM MEYER, Chairman, CATHERINE CAMERON, WALTER MELIUS and WALTER DEWEY, Composing the Board of Inspectors of the First Election District of the Town of Green Island, Third Assembly District of the County of Albany and State of New York.

(Supreme Court, Albany Special Term, November, 1921.)

Elections — ballots — cross mark of four lines held not void.

> Upon the canvass of the votes cast at the general election held November 8, 1921, the board of inspectors set apart one ballot as void as to the vote for overseer of the poor of the town of Green Island, because, as appeared upon the examination under an order to show cause, in the square to the left of the name of the Republican candidate for that office, the voter, an intelligent man, made a cross mark consisting of four lines. *Held*, that taking into consideration the admission that such mark could not have been made for the purpose of identification and that the voter's hand was somewhat tremulous, that he voted a split ticket, the ballot should not have been declared void, and an order will be granted directing a recanvass of the vote for overseer of the poor by correcting the same in accordance with the decision hereon.

APPLICATION for an order of mandamus.

Kenneth S. MacAffer, for petitioner Joseph H. Bennett.

William T. Byrne, for intervener Michael Brennan.

RUDD, J.   In the first election district of the town of Green Island at the last general election, November eighth inst., the Democratic candidate for over-

Supreme Court, November, 1921.     [Vol. 117.

seer of the poor was Michael Brennan and the Republican candidate Joseph H. Bennett.

Upon the canvass of the votes the board of inspectors set apart six of the ballots as void as to all candidates upon the ballots. They set aside and apart one ballot as void as to the vote for overseer of the poor.

Under an order to show cause these seven ballots were examined. Upon such examination no question survives as to the six ballots declared void as to all candidates. The question here submitted is as to whether the ballot marked Exhibit A is void as to the vote for overseer of the poor. It was declared void by the board of inspectors, which decision the intervener asks this court to sustain, because in the square on the left of the name of Joseph H. Bennett the voter made a cross which consists of four lines, and the intervener claims that thereby, the ballot being thus marked makes it void as to the vote for that office.

It is admitted upon the presentation of this claim by the attorney representing the intervener that the intention of the voter so far as the vote cast for overseer of the poor is concerned is clear. The claim being that because of the form in which the cross is made that the ballot is thus marked in violation of the provisions of the statute and the vote for that particular office is thereby made void.

Upon an examination of the whole ballot it appears that the voter cast his vote in many instances irrespective of party. He voted for the Democratic candidates for associate judge of the Court of Appeals, two justices of the Supreme Court, member of assembly, surrogate, sheriff, coroner, two justices of the peace, assessor (short term), town collector, and he voted for the Republican candidates as follows: supervisor, town clerk, assessor (long term), and school

Misc.] Supreme Court, November, 1921.

director and in one instance where he was called upon to vote for two candidates for the office of constable he voted for one Republican candidate and for one Democratic candidate.

He was what might fairly be called an independent voter. He was apparently also an intelligent voter, not making any mistakes as to the manifestation of his choice.

It also appears in careful examination of his marks for the candidates for whom he voted other than overseer of the poor that his hand was somewhat tremulous, that in two or three instances, notably in the blocks for one of the justices of the Supreme Court, surrogate, school director and constable, there are marks, very slight in form, indicating a running back and forth of the pencil, or a trembling, or an effort to be sure to make the cross mark legible.

The mark under consideration in the square opposite the name of Joseph H. Bennett is somewhat more exaggerated than the marks just above referred to, but is of the same general character. There was made in this square a cross consisting of two lines, then the voter evidently started to superimpose a line upon one of the lines first written, and he joined the lines at the top, separated them slightly in the middle and joined them at the bottom, showing clearly an intention to superimpose one line upon the other. What we will call the fourth line started at the top of the line already there and ran away from it, but crossed the line already in position.

Having in mind that the intention of the voter is manifested, and is admitted, and that such a mark could not have been made for the purpose of identification, that the hand of the voter was evidently somewhat tremulous, that he voted a split ticket, selecting evidently as candidates for the local offices

Supreme Court, November, 1921.        [Vol. 117.

those with whom he had a personal acquaintance, it does not seem to this court as if under the law the voter's ballot for overseer of the poor should have been declared void.

In *People ex rel. Colne* v. *Smith,* 188 App. Div. 834, 840, it was held: "But voting more than once for the same candidate by making a cross mark in the voting space opposite his name in different columns, *or making a heavy cross consisting of more than one line crossing another and with flourishes or separated at the end, evidently made by the voter in running the pencil back and forth,* or making a × in the marked out space not requiring a × where the name of a candidate is written in, or a cross of double lines or evidently accidental dots or pencil lines, writing part of a name of a candidate whose name is not printed in the space for writing in a name  *  *  *  does not invalidate the ballot.  *  *  *  In determining whether a cross mark complies with the law and whether slight lines or dots were accidentally made, allowance must be made for infirmity of the voter as to eye-sight or physically  *  *  *."

The conclusion is that Joseph H. Bennett is entitled to the vote for overseer of the poor as manifested by the voter's intention, as to which the board of inspectors declared the vote void.

An order may be entered directing the board of inspectors to meet and recanvass the vote for overseer of the poor by making the correction in accordance with this memorandum.

Ordered accordingly.