Argued January 13, 1944; decided January 20, 1944.

*A. David Benjamin* and *Irving Ginsberg* for Thomas F. Cosgrove, appellant and respondent. I. The machine vote in the Eighteenth·Election District of the Second Assembly District should be read as giving Cosgrove 8 votes on line A.· (*Matter of Creedon,* 264 N. Y. 40; *Matter of Pettit* v. *Dietter,* 246 App. Div. 895, 270 N. Y. 667.) II. The failure ·of the domestic war ballot to have a separate line for Cosgrove ·as candidate of the Republican Party and a separate line for him as candidate of the American Labor Party, was contrary to the provisions of section 306 of the Election Law and a material defect. (*Matter of Burr* v. *Voorhis,* 229 N. Y. 382.) III. The failure of the domestic war ballot to

have a separate line for Cosgrove as nominee of the American Labor Party was unconstitutional and there was no waiver by the candidate of his right to question the form of the ballot. (*Matter of Hopper* v. *Britt,* 203 N. Y. 144; *Matter of Gilfillan* v. *Beyer,* 124 Misc. 628, 212 App. Div. 855, 240 N. Y. 579; *Matter of Crane* v. *Voorhis,* 257 N. Y. 298; *People ex rel. Hotchkiss* v. *Smith,* 206 N. Y. 231; *People ex rel. Burke* v. *Terry,* 203 N. Y. 293; *Matter of Callahan,* 200 N. Y. 59; *Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14; *Matter of Aurelio* [*Cohen*], 291 N. Y. 176.) IV. All domestic war ballots which are marked with an X outside of the voting square are invalid.

*Philip Jones* for Ward H. Cann, as Chairman of the American Labor Party County Committee of Richmond County, and others, interveners, appellants and respondents. The domestic war ballot is defective in form and violates the Constitution of the State of New York. (*Matter of Callaghan* v. *Voorhis,* 252 N. Y. 14; *Matter of Hopper* v. *Britt,* 203 N. Y. 144; *Matter of Crane* v. *Voorhis,* 257 N. Y. 298; *Matter of Gilfillan* v. *Beyer,* 124 Misc. 268, 240 N. Y. 579; *Matter of LaGuardia* v. *Cohen,* 149 Misc. 110.)

*Irving Rivkin* and *Jerome Otis Ellis* for Thomas J. Walsh, respondent and appellant. I. The eight votes recorded on line 1 on the back of the voting machine in the Eighteenth Election District of the Second Assembly District are blank votes, should not be counted for any candidate, and have been properly so held by the Appellate Division. (*Matter of Creedon,* 264 N. Y. 40.) II. The most liberal construction should be given under the State Constitution and the Election Law, to the intent shown in the soldier ballots, whether the ballots of said soldiers were from soldiers in domestic or foreign service. No distinction can be made as between soldiers in domestic service or soldiers in foreign service, in giving effect to such liberal construction and interpretation. All ballots by soldiers marked with an X after the name of the candidate they intend to vote for should be given full effect. (*Matter of Fiske,* 181 App. Div. 706.) III. The form of the domestic war ballot is constitutional and does not discriminate between the candidates. (*Shiels* v. *Flynn,* 275 N. Y. 446; *Walsh* v. *Boyle,* 166 N. Y. S. 681.)

*Ignatius M. Wilkinson, Corporation Counsel (Thomas W. A. Crowe* of counsel), for S. Howard Cohen et al., as Commissioners of Elections of the City of New York, respondents.

*Per Curiam.* In accordance with the letter and spirit of article XII of the Election Law we have given effect to the apparent intent of the voters in spite of defects in the ballots except where the statute in plain language otherwise provides. Section 306, subdivision 3, provides that a war voter in domestic service " shall mark a war ballot   *   *   *   by making a cross X mark in the square to the right of an emblem opposite the name of the candidate for whom he desires to vote.   *   *   *   *He shall make no mark or writing whatsoever upon the ballot, except as above prescribed.*" Three voters have placed cross X marks outside of the square and to the right of the candidate's name. By no liberal construction of the statute can such votes be counted. See, also, section 308, subdivision 5, which defines the rules for counting of ballots of war voters in domestic service. The question would be different if the voters had been in the foreign service. See section 314, which regulates the method of voting by war voters in foreign service but omits the words contained in section 306 which we have *italicized,* and section 319, which provides rules specifically made applicable to the canvass of war ballots of voters in foreign service.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed.