In the Matter of TIMOTHY J. MAHONEY, Respondent.
EUGENE H. LYONS, Appellant; BOARD OF ELECTIONS OF RENSSELAER COUNTY et al., Respondents.

Third Department, March 8, 1944.

*Joseph F. Purcell,* attorney for appellant.
*Isadore Bookstein,* attorney for petitioner.

*Herbert D. Hamm,* attorney for respondents Board of Elections and Board of Canvassers.

*Ravid Rosenfeld,* attorney for respondents Osborne and Kyd.

*Edward J. Poland,* attorney for respondents Richardson and Freeman.

HEFFERNAN, J. At the general election held in the city of Troy on November 2, 1943, the respondent, Timothy J. Mahoney, was the candidate of the Republican party for the office of supervisor of the third ward and the appellant, Eugene H. Lyons, was the candidate of the Democratic party for the same office. In the tabulation of the result of the election for the office in question there appeared a domestic war ballot which was marked first in pencil, over which there was superimposed in ink, a cross mark in the voting square. This ballot was cast for appellant. Respondent contends that it is void by reason of the so-called double marking. No other objection is made as to the validity of this ballot.

The disputed ballot was protested at the canvass made by the inspectors of election at the close of the polls and the inspectors refused to count or canvass the ballot for either candidate. It was then marked and placed in a sealed package containing protested ballots and filed with the board of elections in Rensselaer County as required by law. Thereafter the board of elections and the board of canvassers canvassed and counted the ballot in favor of appellant, with the result, we are told, that there is now a tie vote for this office.

Respondent thereupon instituted this proceeding before the Rensselaer Special Term of the Supreme Court pursuant to section 330 of the Election Law for a determination as to the legality of the questioned ballot. The Special Term held that the ballot is void and from that determination the appellant has come to this court.

On this appeal counsel for appellant urges that the provisions of section 319 of the Election Law which provide that no war ballot shall be rejected as void where the intent of the voter is clear are applicable. This contention is untenable. (*Matter of Cosgrove [Walsh]* No. 1, 292 N. Y. 111.) Sections 305–308 of the Election Law apply to domestic war ballots. That is the ballot involved here. Sections 309–319 apply only to war voters in foreign service.

By the provisions of section 306 of the Election Law the following instructions shall be printed at the head of the ballot:

" 1. Mark with pencil or pen.

2. To vote for a candidate whose name is printed on this ballot, make a single cross X mark in the blank square to the right of an emblem opposite his name.

\* \* \* \* \* \* \*

4. Any other mark or any erasure on this ballot is unlawful.

On the back of such ballots shall be printed the words ' War Ballot for War Voters in Domestic Service.' "

The only question before us is the validity of this ballot. We disagree with the conclusion of the Special Term. In our opinion the ballot is valid and should be counted and canvassed for appellant. (*Matter of Fallon,* 135 App. Div. 195; *Matter of Devine* v. *Osmann,* 164 Misc. 665, 669–670, modified on other grounds 252 App. Div. 787, affd. 275 N. Y. 639; *People ex rel. Karns* v. *Porter,* 176 App. Div. 330, 341; *People ex rel. Colne* v. *Smith,* 188 App. Div. 834, 840; *Matter of Bennett,* 117 Misc. 73.) In *Matter of Devine* (*supra*) the marks appearing in the voting square in front of the candidate's name consisted of three strokes. In the *Karns, Colne* and *Bennett* cases (*supra*) the crosses in the voting square consisted of double lines. In each instance the questioned ballots were declared to be valid.

Rule 1 of section 219 of the Election Law specifically provides that a cross mark is any straight line crossing any other straight line at any angle but that no ballot shall be declared void or partially blank because the cross mark thereon is irregular in form.

The Special Term also held, and we think correctly, that the board of elections and the board of county canvassers had no authority whatever to open the sealed envelope of protested ballots and to canvass and count the ballot in dispute. Although that question is now academic we pause to discuss it for the guidance of election officials in the future. When the board of elections and the board of canvassers assumed to canvass or recanvass the ballot in question they were attempting to exercise a function which could only be exercised by the courts. Their action was wholly unauthorized. Sections 266, 273 and 273-a confer on them no such power. The question as to the validity of the protested ballot is entirely different and distinct from the situation where " the original canvass of the returns has been incorrectly made " (§ 273-a), or in the case of an " omission or clerical mistake " (§ 273) or where it appears " that there is a discrepancy in the returns " (§ 266).

Then too the language of section 273 for the canvass of election district returns by the board of county canvassers is quite

significant wherein it is provided: "If, during the canvass, there shall clearly appear, in the return for any district * * * to be any omission or clerical mistake, the canvassing board * * * may summon the election officers before the board, and such officers shall * * * make any necessary correction * * * *but they shall not alter any decision theretofore made by them*".

Obviously under § 273-a the only ballots which the board of elections is authorized to recanvass are the *voted and canvassed ballots*. Neither this section nor any other section confers upon the board authority to pass on protested ballots.

The order appealed from insofar as it declares void the questioned ballot should be reversed on the law, without costs. The portion of the order which adjudges that the election officials had no authority to pass judgment on the protested ballot is affirmed, without costs. The election officials of Rensselaer County are directed to reconvene and count and canvass the ballot which is the subject of this litigation in favor of appellant. If the parties cannot agree on the form of the order to be entered hereon it may be settled before the court on two days' notice.

HILL, P. J., BLISS, SCHENCK and BREWSTER, JJ., concur.

Order appealed from insofar as it declares void the questioned ballot reversed on the law, without costs. The portion of the order which adjudges that the election officials had no authority to pass judgment on the protested ballot is affirmed, without costs. The election officials of Rensselaer County are directed to reconvene and count and canvass the ballot which is the subject of the litigation in favor of appellant. If the parties cannot agree on the form of the order to be entered hereon it may be settled before the court on two days' notice.