In the Matter of the Application of RAYMOND T. HYER, Petitioner. JAMES L. BROWNLEE et al., Respondents.

Supreme Court, Special Term, Nassau County, June 12, 1946.

*Ira G. Goldman* for petitioner.

*Milton Pinkus* for respondents.

HOOLEY, J. This is an application for an order setting aside the election of James L. Brownlee as Mayor and John F. Crampton and John M. Marino as Trustees at the annual election held in the village of Manorhaven on March 19, 1946, and directing that a special election be held for such offices. The proceeding is instituted under section 53-a of the Village Law, which makes article 14 of the Election Law applicable to village elections and is specifically brought under subdivision 3 of section 330 of the Election Law. The facts are not in dispute and only legal questions are involved.

The official ballots provided by the Village Clerk duly complied with all the requirements of law including the requirement that they should have attached thereto a stub containing, on its face, instructions to voters and, on its back, the number of each ballot. It is conceded that James L. Brownlee, acting as Presiding Inspector of Elections, before delivering an official ballot to each voter at the annual election detached therefrom

the said stub and delivered to each such voter only the voting part of such official ballot. When canvassed, the ballots cast at such election showed that 376 ballots were cast, 37 were not counted, being void or blank, and that the remainder showed the following results:

|  |  |  |
|---|---|---|
| For Mayor — | James L. Brownlee | 175 votes |
|  | Raymond T. Hyer | 158 votes |
| For Trustee — | Edward Lipton | 159 votes |
|  | John F. Crampton | 180 votes |
|  | John M. Marino | 173 votes |
|  | George C. Barritt | 148 votes |

The petitioner maintains that the detaching of the stubs constituted violations of sections 104 and 105 of the Election Law relating to the form of election ballots and from it resulted violations of sections 207 and 208 of the Election Law relating to the conduct of elections and that such violations rendered the election null and void in its entirety. Counsel have been unable to cite to the court any decision upon the precise question involved.

The detaching of the stub containing the instructions from the remainder of the official ballot was improper. The fact that such method of procedure had been followed for years in Manorhaven Village elections without objection does not justify such practice. There is no proof that on the election day in question or in any previous year any voter was misled by the method complained of or was prevented from freely expressing his will at the polls or complained of the practice herein attacked. The election appears to have been otherwise honestly and fairly conducted.

Section 330 of the Election Law gives the Supreme Court jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth therein. The section is required to be construed liberally. In this connection the cases hold that such liberality of construction is confined to the subject matters plainly enumerated therein. (*Matter of Tamney* v. *Atkins,* 209 N. Y. 202, 206; *Matter of Carson,* 164 Misc. 945, 949.) The first subdivision deals with the designation of candidates. The second subdivision covers nominations and primary elections. The third subdivision and the one involved in this proceeding provides: " 3. The form and contents of official ballots, including ballots upon voting machines, and the right to the use of any emblem, color, party name or name of an independent body, in a proceeding instituted by any candidate aggrieved or by the chairman of any

committee as defined in section two.'' The fourth subdivision deals with protested, wholly blank or void ballots shown upon the statement of canvass. The fifth subdivision deals with the returns of the canvass after election and the sixth deals with returns of canvass on constitutional amendments or questions submitted to the people of the State.

As thus constituted the section clearly sets forth a pattern wherein judicial review is made applicable to the election setup from the time of the designations as set forth in subdivision 1 to the returns of canvass as set forth in subdivisions 5 and 6. Viewed in this aspect it would appear that subdivision 3 requires that the action to be taken with respect to the form and contents of official ballots should be taken prior to the election. The fact that in the same paragraph reference is made to the use of emblems, color and party name would seem to confirm this. Such matters are matters that obviously have to be taken care of before Election Day. In *Sheils* v. *Flynn* (252 App. Div. 238, 241) the court intimated this when it said: '' Furthermore, by section 109 of said law, sample ballots are required to be open to public inspection a specified number of days before election, and section 330 thereof provides for a summary proceeding before the Supreme Court relative to the form and contents of official ballots.

'' *Thus objection as to such form of ballots cannot now be considered.* (See *People ex rel. Hirsh* v. *Wood,* 148 N. Y. 142; *People ex rel. Williams* v. *Board of Canvassers,* 105 App. Div. 197; affd., on opinion below, 183 N. Y. 538.) ''

But in the case at bar there was nothing wrong with the form or content of the official ballot. It was rather the action of the election official that was wrong. Accordingly subdivision 3 of section 330 of the Election Law has no application herein and this requires the dismissal of the proceeding.

Protest against the removal of the stubs could have properly been made during the election hours. Thereafter at the canvass of the ballots each ballot could have been objected to and the procedure set forth in section 220 of the Election Law followed. Then such ballots would have been listed on the statement of the canvass and proceedings could have been brought under subdivision 4 aforesaid and this court would have had jurisdiction to review such ballots, if the proceeding had been brought within twenty days after the election.

It is to be noted that there is a time limitation of twenty days under subdivision 4 but no time limit specified as to proceedings under subdivision 3. It is inconceivable that the Legislature

intended that with respect to the count of votes at an election which is so important in determining the ultimate winner that it should have placed a time limit of twenty days within which to take proceedings in court and at the same time provide for an unlimited time to move with respect to the form and contents of official ballots unless it was intended to limit the latter section as hereinbefore set forth.

The petition is dismissed. No costs.