Matthew M. Levy, J.
This summary proceeding involves the recent primary in the 2nd Assembly District, New York County, for the election of Republican County Committeemen. The conduct of the election and the results of the canvass in four election districts are questioned — the 8th, 14th, 22nd and 26th.
The respondent candidates raise the issue of timeliness of the commencement of the proceeding. The summary jurisdiction of the Supreme Court in election matters is entirely statutory, and the Statute of Limitations is quite explicit. Under subdivision 2 of section 330 of the Election Law, this court is vested, among other things, with summary jurisdiction to determine any question of fact or law with respect to the election of a candidate to a party position, and where such election has been characterized by such frauds or irregularities as to render impossible a determination as to who was rightfully elected, the Court is authorized to direct the holding of a new primary election. (Grassman, Election Law, pp. 474-475.) In order to obtain relief under this section, the application must have been made within 10 days after the primary election was held. But subdivision 4 of section 330 empowers the court, even in the absence of fraud or irregularity, to determine such questions with respect to the protested, wholly blank or void ballots shown upon the statement of canvass of the inspectors of election and the court may direct a recanvass of such ballots (Abrahams, New York Election Law, pp. 273-275). A proceeding under this subdivision must be instituted within 20 days of the election.
The returns produced by the respondent Board of Elections show that in the 8th Election District, petitioner Muckey received 7 votes; that there was 1 void ballot; and that her opponent received 15 more votes than did Muckey. In the 14th Election District, petitioner Malpero received no votes; there were 5 voids; his opponent received 45 votes. In the 22nd Election District, petitioner Rose Benedetto received no votes; there were 13 void ballots, but the opponent won by only 8 votes. In the 26th Election District, petitioner Peter Benedetto received 6 votes; there were 11 voids, but the opponent won by only 6 votes.
It is the indisputable fact, therefore, that, with respect to Election Districts 22 and 26, a recount of the protested, wholly blank or void ballots might change the result. The petitioners need not, therefore, rely upon proof of fraud in order to obtain an inspection and recanvass. It is equally clear, on the other hand, that, insofar as the 8th and 14th Election Districts are concerned, no change could result merely from an examination *101 of such ballots, and, in consequence, the petitioners must rely here upon the alleged fraud in the conduct of the election.
And here is where the statutory period of limitations comes directly into play. The present proceeding was commenced after the 10, but before the 20-day period had expired. The inevitable conclusion is thus readily pinpointed. And that conclusion is not affected by the fact that charges of fraud and irregularity are made by the petitioners in respect of all of the four election districts. Appropriate relief will be granted as to Districts 22 and 26, and the proceeding is dismissed for want of jurisdiction as to Districts 8 and 14. Settle order accordingly.