Matthew M. Levy, J.
This is a proceeding, brought pursuant to section 330 of the Election Law, for a recanvass of ballots and the correction of alleged errors in the recent primary election for county committeemen of the Republican County Committee in the 3rd, 4th, 8th, 9th, 12th, 15th, 16th and 17th Election Districts of the 14th Assembly District, New York County, and for other relief incidental thereto.
Each election district from which county committeemen are elected must be considered on its own. Yet, because of some unexplained omission in the moving papers, there is no indication as to the number of positions to be filled in any particular *636 district, and there is insufficient presentation in the order to show cause, the petition and the accompanying affidavits, which of the parties, petitioner or respondent, were candidates in any specific district. But I shall not now pass upon the sufficiency of the petition or on the merits of the application. For, on the adjourned return date of the proceeding, an attorney, appearing specially for all of the rival candidates, objected to the jurisdiction of this court over the subject matter of the proceeding, and that is the only matter now requiring disposition.
It appears that, taking up each election district separately, not all of the unsuccessful candidates were named in the proceeding as petitioners and hot all of the successful candidates were named as respondents or served with process. It is on these grounds that the objection to the jurisdiction of the court has been interposed. I have not been favored with a memorandum of law by either party (although the petitioners have cited Matter of Ziegler v. Power, 282 App. Div. 863, as controlling). Nor has the attorney representing the Board of Elections of the City of New York, neutral in the premises, availed himself of the proffered opportunity to aid the court as amicus curies. The ensuing analysis, therefore, is, quite regretfully, without benefit of counsel.
I hold that it is not a prerequisite to jurisdiction that all the unsuccessful candidates for county committee be named as petitioners (Matter of Enright v. Board of Elections of City of N. Y., 257 App. Div. 601, appeal dismissed 282 N. Y. 691; Matter of Boschetti v. Heffernan, 300 N. Y. 454). It has been held that, when all of the unsuccessful candidates are not named, the petition must recite that those who are suing are acting in a representative capacity on behalf of the others (Matter of Bednarsh v. Cohen, N. Y. L. J., Aug. 2, 1943, p. 225, col. 1, Tálente, J., affd. 267 App. Div. 133, motion for leave to appeal denied 267 App. Div. 760). But that requirement, in my view, results only in the elimination of the causes of action of the unsuccessful candidates who did not themselves sue or did not authorize the petitioners to institute the proceedings on their behalf. The absence of such an allegation is, in my opinion, not to be taken as a bar to a suit by and in behalf of the unsuccessful candidates who themselves are named as petitioners in the proceeding (see Gassman, Election Law Decisions and Procedure, pp. 456-457). To read Bednarsh any other way would result in the deprivation of the petitioners’ right to a judicial recanvass merely because some other losing candidates were apathetic or disinterested in pressing the matter. There is no just reason why unanimity on the part of the losers should be required as a *637 condition precedent to the prosecution of a proceeding by some who do seek a recount.
As to the failure to proceed against all of the successful candidates, the situation is somewhat more complex. As I have said, the petitioners rely upon the decision of the Appellate Division in Matter of Ziegler v. Power (282 App. Div. 863, supra). That reliance, in my view, is misplaced. In Ziegler, Special Term held that “ [a] 11 the candidates for the office here involved [City Councilman] are necessary parties in a proceeding of this kind ” (N. Y. L. J., Oct. 7, 1953, Supreme Ct., New York County, Special Term, Part I, McNally, J.). It appeared that one of the candidates, unsuccessful in the election, was not served within the statutory period, but that, thereafter, he waived service of the order to show cause initiating the proceeding and consented to the relief prayed for. The proceeding was nevertheless dismissed at Special Term for want of jurisdiction. The Appellate Division reversed “ [o]n the particular facts disclosed herein ” (282 App. Div. 863) — whether because of the fact that the candidate involved was an unsuccessful one or because of the fact that he filed his waiver and consent, or because of both facts, does not appear.
The point is that I must recognize that the Appellate Division holding in Ziegler is not authority for the proposition — urged upon me by the petitioners — that the failure to proceed against a successful candidate is not fatal to the existence of jurisdiction of the subject matter, for, as against the successful candidate in the case cited, the proceeding had been instituted and in due time (cf. the assumption by the Appellate Division in the Second Department in Matter of Suthergreen v. Westall, 6 A D 2d 1014). I have not been cited, nor have I been able to find, any authority in support of or against the proposition that every elected candidate must be sued and served. I must, therefore, determine the issue on my own, and this I shall proceed to do.
It goes without saying that a “ proceeding which tests the right of a candidate to a position on the ballot [or to his certificate of election] should not be heard except upon notice to the candidate affected.” (Matter of Mucciolo, 37 N. Y. S. 2d 575, 577; see Matter of King v. Cohen, 293 N. Y. 435, 439.) But suppose there is more than one position of the same kind to be filled in the political subdivision involved, does it follow that the court has no jurisdiction to entertain the proceeding as against a successful candidate duly sued and served because another successful candidate has not been sued or served? I think not.
*638 The Election Law does not require that all of the successful candidates in any given district be served in order to vest jurisdiction in the Supreme Court in a proceeding for a recanvass of the vote. Nor do I conceive of any rule of logic which would require such a holding, provided that the exercise of the court’s jurisdiction is limited to those properly brought before it, and the election of these candidates only may be affected by the determination in the proceeding.
Let us suppose, for example, that, in a given district, with two vacancies to be filled, A receives 100 votes on the face of the returns, B 50 votes, C 49 votes, and D 1 vote. A and B are declared elected. C, claiming fraud or irregularities, sues and serves B. D is disinterested and does not join in the proceeding. A is hopelessly beyond C’s reach, for, even if C were given all of the challenged votes, he could not affect A’s election. It seems to me that C should not be required to undertake the futile and at times difficult task of serving A with process.
But what if A, unsued, had but 51 votes and the recount, if directed and held, would show him to be the loser ? In that case, C’s failure to serve A would preclude a challenge to A’s status as a successful candidate, since A could not be deprived of an office in a proceeding to which he is not made a party. Of course, as a practical matter, C would normally sue and serve A if C thought that he could unseat A. The objection that A, who may in fact have had fewer votes than C, will hold office unless involved in the proceeding, would apply equally to the case where C’s suit was dismissed for failure to serve A, since, if the proceeding were dismissed and no recount had, A might equally be held the winner with fewer actual votes than C.
Moreover, with the very short period of time allowed by the Election Law for the institution of summary proceedings (Matter of Del Rosso [Board of Elections and Bd. of Canvassers of County of N. Y.], 22 Misc 2d 99), it may not be physically possible to serve all of the rival candidates. Should the court be denied jurisdiction to right a wrong done in favor of those allegedly successful candidates who have been sued and served within that time? I hold not.
Accordingly, the objections to the jurisdiction of the court over the subject matter of the proceeding are overruled, and the special appearance of those respondent rival candidates who have been duly served is dismissed. The motion-in-chief is restored to the calendar of Special Term, Part I, for February 8,1960, for disposition on the merits, at which time the respective respondents may move as against of answer the petition, as they may be advised.