Daniel E. Macicen, J.
By this proceeding brought pursuant to section 330 of the Election Law the petitioner asks this court to review actions taken by the Monroe County Board of Elections (hereinafter called the County Board), which also acts as the Board of Canvassers, with respect to two absentee ballots and two military ballots east in the Second Ward of the Town of Greece at the November, 1961 general election. At that election the petitioner, John A. O’Shaughnessy, was the candidate of the Democrat and Liberal parties for the office of Councilman in the Second Ward and Harry M. Kerr, Jr., was the Republican candidate for that office. The petitioner alleges that the outcome of the election hinges upon the validity of the four ballots in question.
The County Board is bipartisan consisting of two men, each selected by his political party. All of the actions of the board here under review were concurred in by both commissioners and there can be no question as to their good faith in so acting.
The petitioner claims that the County Board acted erroneously in declaring void two military ballots, one in the Fifth and the other in the Twentieth Election District of the town. The peti *851 tioner further charges that after their return to the office of the County Board and prior to the official canvass, two absentee ballots cast in the Twenty-Seventh District were “ tampered ” with and altered by an employee of the County Board.
With respect to the ballots in the Fifth and Twentieth District, it appears, and I find, that on election night and without protest the District Board counted each of the said ballots as a vote for the petitioner and so recorded them on its statement of canvass returned to the County Board. During its canvass the County Board declared both of the said ballots void because of alleged improper markings.
Upon the hearing the petitioner challenged the power of the County Board to declare the ballots void and the jurisdiction of the court to do so because the ballots were not objected to at the time of the canvass on election night. A review of the authorities leads me to conclude that this position is well taken. In making a canvass, the County Board acts only in a ministerial capacity and possesses no judicial or quasi-judicial powers. (Matter of Ingamells v. Board of Elections of Oswego County, 259 App. Div. 36, 41.) Its basic function is to determine the correctness of the count. While by the provisions of section 273 of the Election Law, it may require the district election officers to correct omissions or mistakes which clearly appear in a return, it “ shall not alter any decision theretofore made by them It may not alter the decision of the District Board as to a protested ballot. (Matter of Mahoney [Lyons], 267 App. Div. 478, 481, affd. 292 N. Y. 710.) By the provisions of section 213 of the Election Law a District Board of Inspectors is required to reject a void ballot whether or not objected to. The actions of the respective District Boards in counting the ballots as valid constituted decisions which might not be altered by the County Board. It follows that its action in declaring the ballots void is a nullity.
There remains the question whether in this proceeding the court may determine the validity of the ballots.
The power of this court to summarily determine questions concerning election proceedings is limited to that expressly conferred by the statute. As here applicable, subdivision 4 of section 330 of the Election Law permits the court to review only 11 Protested, wholly blank or void ballots shown upon the statement of the canvass in any election district or districts, or any protested or rejected absentee voters’ ballots ”. No protested, wholly blank or void ballots were shown upon the statements of canvass submitted by the District Boards, nor, the County Board being without power to declare the ballots void, was either ballot *852 protested or rejected. This court is therefore without power to pass upon the validity of the ballots. (People ex rel. Brown v. Freisch, 215 N. Y. 356; Matter of Commerdinger v. Vincent, 246 App. Div. 834, affd. 270 N. Y. 657; Matter of Mullen v. Heffernan, 193 Misc. 334, 339, affd. 274 App. Div. 972, affd. 298 N. Y. 785; Matter of Tefft, 259 App. Div. 782; People ex rel. Widmeyer v. Grunert, 122 Misc. 1; Matter of Del Rosso v. Board of Elections, 22 Misc 2d 99; Matter of Oliver, 234 App. Div. 170; Matter of McGuinness v. De Sapio, 9 A D 2d 65, 73; Matter of Holley [Rittenberg], 268 N. Y. 484; Abrahams, New York Election Law, pp. 273-275.)
While, if the foregoing conclusion is correct, I may not determine the validity of these ballots, I shall in the interest of a complete record state my views on them. The ballot in the Fifth District revealed an attempted, though unsuccessful, erasure of a single line in one of the voting squares for a Justice of the Supreme Court. While this rendered the ballot blank as to all of the candidates for that position, it did not make the entire ballot void and the District Board in my opinion properly counted the ballot as a vote for the petitioner. (Election Law, § 212, rule 1.)
The ballot cast in the Twentieth District contained markings outside of the voting squares which, if intentionally made by the voter, would render the entire ballot void. A careful examination of the ballot, however, permits only the conclusion that the marks were caused by folding the ballot before the ink had dried. Marks made “ unintentionally ”, through “inadvertence”, or “ accidentally ”, as distinguished from those intentionally made, do not invalidate the ballot. (People ex rel. Karns v. Porter, 176 App. Div. 330, 338; Matter of Cosgrove, 46 N. Y. S. 2d 181, 193, mod. 267 App. Div. 822, affd. 292 N. Y. 111; Matter of Garvin, 168 App. Div. 218, 221; Matter of Moritt v. Cohen, 255 App. Div. 804, 805, affd. 279 N. Y. 617; People ex rel. Brown v. Board of Supervisors Suffolk County, 170 App. Div. 364, 372, mod. on other grounds, 216 N. Y. 732.) It is therefore my opinion that the board of the Twentieth District properly counted the ballot in question for the petitioner.
While I have considerable doubt as to the jurisdiction of the court in this proceeding to determine some of the questions raised with respect to the ballots cast in the Twenty-Seventh Election District, no such objection having been made, I shall proceed to pass upon them. The two ballots in question were the only absentee ballots cast in this Election District. As originally returned by the District Board, the statement of canvass reported votes on these ballots on the constitutional *853 amendments but no votes for any of the elective offices. It is conceded that prior to the completion of the canvass by the County Board an employee of that board removed the ballots from the envelopes in which they were contained and informed someone that the ballots in fact contained votes for the elective candidates. The County Board immediately initiated an investigation of the incident and after interviewing the four members of the District Board and the employee who examined the ballot, reconvened the District Board and directed them to correct the statement of canvass to include therein the votes apparently cast for the elective offices. Both of these ballots contained votes for the Republican candidate, Harry M. Kerr, Jr. At the hearing before this court, all of the district inspectors were sworn by the petitioner. The inspector who held the ballots and called out the tally, testified that although not announced by her, the ballots contained votes for the elective candidates. The inspector who stood by the one announcing, looking over her shoulder, testified that she was unable to say whether or not the ballots contained votes for the elective offices but that in her judgment one of the ballots was marked in pencil rather than ink. The other two inspectors who were filling out the statements of canvass did not observe the ballots on election night. An examination of the ballots reveals that each contained votes for the elective offices including that of councilman and that in each instance the markings for the constitutional amendments and for the elective offices were made at the same time and with the same pen. While it was sought to be shown that the envelope containing the absentee ballots was sealed with sealing wax, no such finding may be made from the testimony and an examination of the envelope reveals no evidence of sealing wax.
In considering election disputes, the courts “ cannot act on conjecture, but, as in all other matters presented to them, they may act on logical inferences based on human probabilities.” (Matter of Creedon, 264 N. Y. 40, 43-44.) To me, it seems highly improbable that a voter would go to the inconvenience of obtaining an absentee ballot solely to vote on constitutional amendments. The probability that the only two absentee voters in a given election district would do so is practically nonexistent. It is perfectly apparent to me that in this close election an enthusiastic, though misguided, employee of the County Board examined the ballots and reported his findings. It is equally apparent to me that the ballots in the first instance contained votes for the elective offices as well as the constitutional amendments. There is no substantial evidence that the ballots were tampered with or altered. They who make unfounded or thinly supported *854 charges of dishonesty against those who administer our elective processes poorly serve our concept of representative government.
In my opinion, the failure of the District Board to record the votes for elective offices on the statement of canvass was an “omission or clerical mistake ” which the County Board properly required the District Board to correct. (Election Law, § 273.)
The County Board is directed to correct the statements of canvass in the Fifth and Twentieth Districts in accordance with this decision and the application of the petitioner with respect to the ballots cast in the Twenty-Seventh District is denied.