Clabe J. Hoyt, J.
Petitioner, the unsuccessful candidate for the election of Mayor of the Village of Maybrook, by order to show cause, has instituted this summary proceeding pursuant to subdivision 4 of section 330 of the Election Law wherein he seeks various relief.
The respondents named in the proceeding are the Inspectors of Election of the Village of Maybrook and Rosario A. Amodio, the successful candidate for the office of Mayor.
The village election was held on March 20,1962. The petition alleges that 630 ballots were cast in the mayoral election and that the Election Inspectors’ canvass revealed that respondent Amodio received 292 ballots, petitioner received 285 ballots, there were 3 write-in votes, 4 blank ballots and 46 void ballots.
Respondent Amodio has submitted an answer in which he questions the good faith of petitioner in bringing this proceeding and specifically objects to the court’s jurisdiction upon two precise grounds; first, that petitioner is not a resident of the Village of Maybrook and was therefore not properly a candidate for the office of Mayor and is not entitled to bring this proceeding, and second, that In the election which is the subject of this proceeding, there were candidates for the office of Village Trustee and that the successful candidate for that office is a party in interest who must be named and served in this proceeding.
Ac to the first objection, the court holds that it has no authority to rule upon the issue of petitioner’s residence in this proceeding. For the purpose of this proceeding, the court must assume that petitioner was a proper candidate for the office of Mayor. In this summary proceeding the court may only exercise the powers granted to it under the provisions prescribed by subdivision 4 of section 330 of the Election Law (Matter of Mansfield v. *816 Epstein, 5 N Y 2d 70). The court only possesses such summary jurisdiction in election matters as is expressly provided by the Election Law (Matter of Reich v. Bosco, 21 Misc 2d 973, affd. 9 A D 2d 919; Matter of Hudson v. Nohill, 25 Misc 2d 1025). The proper procedure to determine this issue of petitioner’s residence raised by respondent Amodio would be a quo warranto proceeding pursuant to section 1208 of the Civil Practice Act. This issue could, of course, only arise upon the election and holding of office by petitioner.
The second objection is disposed of by the holding in Matter of Bailey v. Power (26 Misc 2d 635, 638) in which the court held that the Election Law does not require that all the successful candidates in any election for several offices be served in order to vest jurisdiction in the Supreme Court in a proceeding for the recanvass of the vote as to any one office. The exercise of the court’s jurisdiction is limited to those properly brought before it and the election of the candidates for the office of Mayor will alone be affected by the determination in this proceeding.
The petitioner herein attempts to raise several issues by which he seeks to persuade the court to declare the election null and void and to order a new election. As previously held, the jurisdiction of this court in a summary proceeding is strictly defined. The court may not inquire into the appointment and qualifications of the Inspectors of Election, into any alleged irregularities in the sealing of ballots after the canvass, into any objections as to the form or content of the official ballots since such objections must be raised prior to the election (Matter of Heyer, 187 Misc. 946) or into the alleged refusal to permit a qualified voter to vote (Matter of Macy v. Clayton, 277 App. Div. 1131). The court is given summary jurisdiction only with respect to protested, wholly blank or void ballots (People ex rel. Brown v. Freisch, 215 N. Y. 356; Matter of Gabelmann, 136 Misc. 641; Matter of Walker, 50 N. Y. S. 2d 277).
Prior to the institution of this proceeding petitioner was granted an examination of the ballots pursuant to section 333 of the Election Law. Petitioner has incorporated into his present petition findings resulting from the examination which allegedly reveal that 38 ballots voided by the Inspectors of Election should have been counted. The court holds that petitioner has made a prima facie showing of irregularities requiring the court to exercise its full plenary powers under subdivision 4 of section 330 of the Election Law (Matter of Kelly v. Cohen, 255 App. Div. 787).
The exercise of these plenary powers does not, however, permit the court to conduct or order a general recount or recanvass of *817 all the votes cast at the election (Matter of Callahan v. Dennis, 207 Misc. 733), nor to direct a new election (Matter of Southard v. McGann, 279 App. Div. 588).
The court does have the power to open and examine the void and protested ballots and to determine upon the face thereof whether they were or were not legal ballots, and, if determined that any of them were, to direct a correction of the canvass accordingly (Matter of Weinfeld, 203 App. Div. 778, appeal dismissed sub nom. Matter of Weinfeld v. Ullman, 234 N. Y. 625; Albertson v. Morgan, 49 N. Y. S. 2d 454). Passing on the validity of these ballots is purely a question of law for the court (People ex rel. Feeny v. Board of Canvassers of Richmond County, 156 N. Y. 36).
Therefore, the court directs the parties hereto to appear before it at 9:30 a.m. on May 3,1962, at the Orange County Courthouse, Newburgh, N. Y., at which time the Inspectors of Election are to produce the ballot box containing all ballots cast in the mayoral election of the Village of Maybrook on March 20, 1962, to allow the court to examine those ballots marked void or protested and to take whatever testimony the court deems necessary.