In the Matter of JULIUS CORN, Petitioner, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Bronx County, March 18, 1944.

*I. Ben Greenman* for petitioner.

*William Koerner* for himself and other respondents served.

*Karl Propper* and *Joseph J. Kozinn* for all respondents not served, appearing specially.

*Ignatius M. Wilkinson*, Corporation Counsel (*Russell Lord Tarbox* of counsel), for S. Howard Cohen and others, constituting the Board of Elections of the City of New York, respondents.

HOFSTADTER, J. This is an application pursuant to section 330 of the Election Law for an order directing the Board of Elections of the City of New York to strike from the official ballots to be used in the primary election of the Democratic Party, to be held on March 28, 1944, the names of " all candidates for County Committeemen " on petitions in eighty-seven election districts, enumerated in the moving papers, all of which are included in the Second Assembly District of the Borough of The Bronx.

Julius Corn, upon whose affidavit the application is grounded, filed an objection purporting to be in accordance with section 142 of the Election Law, alleging the invalidity of the petitions in question and, within the time limited by the statute, further filed specifications with respect to said objection. It is admitted that Julius Corn is himself a candidate for County Committeeman from the 71st Election District, and that he resides in the said 71st Election District. No candidate or enrolled voter or resident of any of the other election districts has filed any objections or has instituted any proceeding in this court with respect to the petitions in question.

Inasmuch as Julius Corn resides in the 71st Election District, the respondents here have urged that this proceeding, insofar as it affects election districts other than the 71st, is not properly before this court. It is contended that under the provisions of section 330 of the Election Law only a resident

of an election district may institute proceedings to contest the validity of designating petitions for the county committeemen. The determination of this question adversely to the applicant will preclude the necessity of considering the merits, if any, of the objection and specifications with respect to all petitions except those involving the 71st Election District.

Very precise language in the statute would be required to justify the position taken by the applicant. It would indeed be odd if the courts were to permit a resident of one district to challenge in the courts designating petitions for public office, or for party positions, in a remote district in which the applicant did not reside, with respect to which he had only the most theoretic interest, and where he most certainly could not express his preferences in the ballot box. The right to nominate, it would seem clear, is not more extensive than the right to elect; and if a resident in one district cannot vote for a candidate in another, he should not be heard with respect to any objections he may have to nominating petitions. County committeemen are party officials of election districts (Election Law, § 12). The members of the committee are elected by the enrolled voters in the various parties resident in the election district represented by the county committeemen. No resident of one election district may vote in the primary for a county committeeman to represent some other election district. There is, therefore, no valid reason to permit a voter, resident in one election district, to file objections against petitions designating county committeemen in other election districts.

The language of section 330 of the Election Law, in effect, requires such determination. The section itself provides that the Supreme Court shall make such orders " as justice may require ", and that the language of the section " shall be construed liberally ". Subdivision 1 confers jurisdiction upon this court with respect to the designation of any candidate in a proceeding instituted " by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred and forty-two ". The word " person " cannot be given its natural meaning, as it obviously does not include non-citizens or those who are not enrolled in the party and, therefore, have no interest in the nomination. Indeed, if the word " person " were to include " any person ", it would have been unnecessary to specify " candidate aggrieved ". Moreover, since the county committeeman need only be a resident of the Assembly district containing the election district which he represents (Election Law, § 12), it would seem clear that the word

" person ", as used in the statute, must be limited to a person resident in the election district, otherwise the phrase " candidate aggrieved " would prove to be superfluous. As the statute now reads, the intention of the Legislature is clear that the enrolled voters in an election district may institute proceedings under section 330 and also that an aggrieved candidate may even though he does not reside in the election district.

This analysis of the statute is in accord with the fair and just requirements of the situation. The election of county committeemen is a matter for the enrolled voters of the election district. Their designation, and the petitions upon which they are included in the official ballot, are of primary concern to the voters of each election district and only remotely the interest of the residents of other election districts. Moreover, an election district is not a mere subdivision of an Assembly district. It is a political unit, in many respects independent of the Assembly district, and for some purposes groups of election districts from different Assembly districts are organized together to form, for example, Municipal Court districts or Congressional districts. Again, election districts within an Assembly district often have separate functions, as when groups of them designate separate executive members. The county committeemen who represent an election district, therefore, represent a separate political unit, created by statute and forming an integral part of party government.

The same conclusion was reached by Justice LOCKWOOD in *Derman* v. *Cohen* (22 N. Y. S. 2d 684) with respect to petitions designating candidates to be delegates to the State Convention of the American Labor Party. On page 686, the learned Justice said: " Delegates to a State Convention from Assembly Districts are elected to represent the voters of their Party in the Assembly District and not those of the same Party who may reside elsewhere. Those residing elsewhere are in no way affected."

The applicant, Julius Corn, is, as we have seen, also himself a candidate for County Committeeman from the 71st Election District. While in the pending application he brings the proceeding only in his capacity qua enrolled Democratic voter, it is well settled that he has no greater rights as a candidate. It has been held by courts of co-ordinate jurisdiction, as well as by appellate courts, that an aggrieved candidate can only institute proceedings, under section 330 of the Election Law, for the election district in which he resides or for which he is a candidate. (See *Matter of Padgug*, N. Y. L. J. Sept. 5, 1935,

p. 656, col. 7, affd. 245 App. Div. 849; *Matter of Sacks*, N. Y. L. J. Sept. 5, 1935, p. 656, col. 6; *Matter of Fitzpatrick* v. *Cohen*, N. Y. L. J. Sept. 9, 1939, p. 581, col. 4, affd. 257 App. Div. 1068.)

The applicant invokes the decision of the Court of Appeals in *Matter of Bergen* (262 N. Y. 716), but that decision is not here controlling. It deals with a situation wholly different from the case at bar, and the memorandum decisions of the Court of Appeals do not contain any rule of general application which can here be applied; problems raised in the interpretation of the Election Law, because of the imminence of the events *sub judice*, necessarily preclude elaborate expositions of the holdings of courts of review. An affidavit submitted in opposition to this application, sworn to by Sidney A. Fine, a member of the Bar, attests that in the *Bergen* case the papers on file in the Kings County Clerk's office show that the objector was a resident both of the aldermanic district and of the Assembly district involved in the dispute. This is *not* denied by Mr. Greenman, applicant's attorney, in his affidavit, made after he too examined the same records. The decision of the Court of Appeals, therefore, did not authorize the institution of any proceeding under section 330 of the Election Law by a person not resident in the district involved. In any event the proceeding in *Matter of Bergen* involved elections to public office, a wholly different matter from the party positions involved in the case before me. The statutory scheme for party government in this jurisdiction, which involves the election of county committeemen representing local election districts, looks to the election of such candidates by their neighbors in the election district. It is they and they alone who are primarily concerned with the meticulous observance of the legal problems. To permit the applicant, who resides in one election district, to file a single objection (only one objection was filed here for all 87 election districts) against petitions in 87 election districts, without showing any greater interest than that of any citizen of the United States, or enrolled voter of the Democratic Party, would constitute an unrealistic extension of the jurisdiction of this court, and one not contemplated by section 330 of the Election Law. Indeed, were we to adopt such a view, there would be nothing to prevent an objector, resident in an election district, from filing a single objection against petitions in 870 election districts, or 8,700 election districts, or all the election districts in the State of New York. Merely to state the consequences of the claimed position is to reduce the argument to absurdity.

A further objection is made on behalf of the candidates who have not been served with process in this proceeding. Having already held that this application will not lie with respect to any of the election districts except the 71st, the problem presented is only with respect to the designating petitions for candidates in that district. Inasmuch as only one candidate was served in that election district, it seems clear that the petitions with respect to the other candidates have not been properly brought into question before this court. (See *Application of Mucciolo*, 37 N. Y. S. 2d 575.) Nor is this conclusion affected by the provisions of section 335 of the Election Law, providing that notice shall be given " to such officers, persons or committees as the court, justice or judge shall direct ". The direction of the court in the order to show cause must be read in the light of the affidavit made in support thereof, and nothing is stated in the affidavit or in the order to show cause based thereon which would indicate that the Justice who issued the order had in mind that candidates who were not served could be affected thereby. Nor could section 335 be construed to authorize this court to question the rights of anybody who has not been served with process.

The very limited question left for consideration, therefore, concerns the validity of the petitions in the 71st Election District, designating Morris J. Rotker as a candidate for County Committeeman. The only objections made to these petitions are: *first,* that they are not numbered consecutively; and *second,* that the signatures on the paid petitions are irregular. An examination of the petitions shows that they are numbered consecutively. They consist of four sheets, numbered 210, 211, 212, 213. There is nothing before me to show that any of the signatures, either of the petitioners themselves or of the subscribing witnesses, are in any way irregular or that the addresses given are in any way inaccurate or questionable. Insofar as any facts have been presented to me on this application, the petitions are regular in form and proper in substance, and I find no reason to invalidate or even question them.

The application is, therefore, dismissed.