In the Matter of WILLIAM B. MAHONEY, Respondent, and
Another, Petitioner, against JAMES R. LAWLEY et al., as Com-
missioners of Election of Erie County, Defendants, and
ANTHONY J. NAPLES, Appellant.

Argued August 18, 1950; decided August 18, 1950.

*David Diamond* for appellant. Special Term correctly dismissed the petition on the ground that petitioner was not a proper party. (*Matter of Derman* v. *Cohen*, 22 N. Y. S. 2d 684; *Matter of Corn* v. *Cohen*, 181 Misc. 832, 267 App. Div. 891; *Matter of McDonald* v. *Heffernan*, 196 Misc. 465.)

*Robert M. Hitchcock* for respondent. Petitioner is a proper party to maintain this judicial proceeding. (*Matter of Bergen* [*Miller*], 262 N. Y. 717; *Matter of Berman* v. *Heffernan*, 295 N. Y. 593; *Matter of Sposato* [*Graham*], 180 Misc. 933; *Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416; *Matter of Cowles* v. *Board of Elections*, 252 App. Div. 326; *Matter of Corn* v. *Cohen*, 181 Misc. 832, 267 App. Div. 891; *Matter of Kavesh*, 247 App. Div. 175; *Matter of Bewley*, 138 Misc. 108.)

*Per Curiam.* This is an appeal from an order of the Appellate Division, Fourth Department, rendered August 11, 1950, unanimously reversing an order of the Supreme Court, Erie County, entered August 7, 1950, which dismissed the proceeding upon the ground that the petitioner was not a person " aggrieved " within the meaning and provision of subdivision 1 of section 330 of the Election Law.

The petitioner Mahoney, a resident of the First Assembly District of Erie County and of the same political party as appellant Naples, duly filed objections in accordance with section 145 of the Election Law to a petition by Naples purporting to designate him for the party position of member of the County Committee of the Democratic party of Erie County for the Eleventh Election District of the Twenty-Seventh Ward of the City of Buffalo, which district is within the confines of the First Assembly District of the County of Erie. The party position was to be filled at the primary election of the Democratic party on August 22, 1950. The ground of the objection was that Naples was not a resident of the First Assembly District but was a resident of the Third Assembly District and was for that reason not qualified to be designated as a nominee for the position of County Committeeman from the Eleventh Election District in the First Assembly

District. Thereafter it was stipulated in open court before the Special Term Justice that the court might accept for the purpose of the proceeding under subdivision 1 of section 330 of the Election Law all the allegations of the petition of respondent Mahoney as true. It was further admitted in open court before us that Naples, if elected, would not be qualified to serve.

The only point on this record requiring our consideration is whether respondent Mahoney is a person who has a right to maintain this proceeding to challenge the validity of the designating petition in view of the fact that he resided in an election district within the First Assembly District other than that in which the appellant Naples was attempting to run for county committeeman and therefore could not vote within that political unit. We hold that he is a proper person within the meaning of subdivision 1 of section 330 of the Election Law by reason of section 12 of the Election Law which reads in part as follows: " Each member of a county committee shall be an enrolled voter of the party residing in the assembly district from which or in the assembly district containing the election district in which such member is elected." It is not necessary that a member of the county committee reside in the election district he represents so long as he resides in the assembly district in which the election district is contained. The respondent Mahoney could have been designated to run for the party position of county committeeman in any one of the election districts in the First Assembly District. In that respect this proceeding accords with our decisions that a voter who has the capacity to vote for a candidate in the political unit involved is a person aggrieved within the meaning and intent of section 330 of the Election Law. (*Matter of Bergen* [*Kiernan*], 262 N. Y. 716; *Matter of Bergen* [*Miller*], 262 N. Y. 717; *Matter of Gaberman* v. *Cohen,* 293 N. Y. 771; *Matter of Berman* v. *Heffernan,* 295 N. Y. 593.) It should be noted that the memoranda in 262 New York 716, 717 (*supra*) covering the two *Bergen* cases (*supra*) may give an incorrect impression. The petitioner Bergen was a resident of both the aldermanic and assembly districts there in question. Those facts were incorporated in each of the petitions in those cases and not denied. Both the Appellate Division and this court were aware of it and a note to that effect appears in our minutes as made by the Associate Judge who

reported the case. (See, also, *Matter of Corn* v. *Cohen,* 181 Misc. 832, 837, affd. 267 App. Div. 891.) It is for these reasons and not because the petitioner Mahoney was the chairman of a committee within the meaning of subdivision 9 of section 2 and subdivision 2 of section 330 of the Election Law that we affirm the order herein.

The order of the Appellate Division should be affirmed upon the ground that the petitioner had the right to bring this proceeding under subdivision 1 of section 330 of the Election Law.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and FROESSEL, JJ., concur; DYE, J., taking no part.

Order affirmed, etc.