Ellis J. Staley, Jr., J.
In this proceeding pursuant to section 330 of the Election Law the respondent, Board of Elections of Albany County, has filed an objection in point of law and asks that an order be made dismissing the petition.
The basis of said objection is that the petitioner, John Decatur, is not a proper person to institute the proceedings herein for the reason that he is not a candidate aggrieved nor a person interested in this matter and, further, that he is not enrolled in the Democratic party or the Republican party, and, as such, has no interest whatsoever in the primary election or in the designation of a candidate by the members of the Democratic party of the Second Ward of the City of Cohoes.
It appears from the petition that the petitioner is a citizen of the United States, residing at No. 57 Mohawk Street, Cohoes, New York, and is a qualified elector residing in the Second Ward of the City of Cohoes. It also appears that on the 10th day of August, 1965, various designating petitions purporting to be a petition nominating one Thomas J. Van Sleet as the Democratic candidate for the office of Supervisor of the Second Ward of the City of Cohoes and naming Emma A. Shea, John T. Nolan and Edward Clark as a committee to fill vacancies were filed with the Albany County Board of Elections; that on the 13th day of August, 1965, the petitioner filed objections to said designating petition in the office of the respondent, Board of Elections and on the 19th day of August, 1965, filed specifications of the grounds of his objections. These facts are not contested by the respondent, Board of Elections.
The sole contention of the respondent, Board of Elections, then is that the petitioner, John Decatur, as a citizen elector has no right to maintain this proceeding to challenge the invalidity of the nominating or designating petition.
This question has been resolved by the Court of Appeals and it is now settled that a citizen elector “who has the capacity to vote for a candidate in the political unit involved is a person aggrieved within the meaning and intent of section 330 of the Election Law. ’’ (Matter of Mahoney v. Lawley, 301 N. Y. 425, 427; Matter of Bergen [Kiernan], 262 N. Y. 716; *649 Matter of Bergen [Miller], 262 N. Y. 717; Matter of Gaberman v. Cohen, 293 N. Y. 771; Matter of Berman v. Heffernan, 295 N. Y. 593.)
It is, therefore, the opinion of this court that the petitioner, John Decatur, has the right to bring his proceeding under subdivision 1 of section 330 of the Election Law.
Respondent, Board of Elections’ objections in point of law are, therefore, dismissed, with no costs allowed.