■ In the Matter of LAWRENCE E. ELOVICH, Appellant, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of Nassau County, and EVANS REEDER et al., Respondents.— In a proceeding to invalidate petitions designating respondents Reeder, Brass and Hassell as candidates in the Democratic Party Primary Election to be held on June 17, 1969 for the Party position of County Committeeman for the 8th Election District of the 14th Assembly District of the County of Nassau, and for injunctive relief, petitioner appeals from an order of the Supreme Court, Nassau County, entered June 5, 1969, which denied the application and dismissed the petition in the proceeding. Order reversed, on the law, without costs, and proceeding remitted to the Special Term for (1) a hearing of the objections to the designating petitions and (2) a new determination. No questions of fact were considered on this appeal. In our opinion, petitioner Elovich, as a resident of, an enrolled Democratic voter in, and a candidate for member of the Democratic County Committee of one election district in the assembly district, is entitled to challenge the validity of any designating petition for member of the Democratic County Committee, even though he does not reside in the election district involved (*Matter of Bergner* v. *Meisser,* 10 N Y 2d 787; *Matter of Mahoney* v. *Lawley,* 301 N. Y. 425). Hopkins, Benjamin and Martuscello, JJ., concur; Beldock, P. J., and Rabin, J., dissent and vote to affirm the order, with the following memorandum: In *Matter of Corn* v. *Cohen* (181 Misc. 832, affd. 267 App. Div. 891, lv. to app. den. 292 N. Y. 723) a resident of one election district (who, like appellant in the instant case, was also a candidate for County Committeeman from the district in which he resided) instituted proceedings to contest the validity of designating petitions for County Committeemen of other election districts in the same assembly district. It was held that this could not be done. It is urged that *Matter of Mahoney* v. *Lawley* (301 N. Y. 425), in which petitioner Mahoney was a resident but not a candidate for party office, overruled *Corn.* In our opinion, *Mahoney* cited *Corn* with

approval rather than overruled it. We follow *Corn* and *Matter of Vaccaro* v. *Lawley* (28 A D 2d 809, affd. 20 N Y 2d 653) in holding that the authority of an objector to act is limited to the geographical area in which he runs for office, and his protests as to candidates in other election districts in the same assembly district are not properly before the court.