In the Matter of the Application of DORA BOKOR, Appellant, for an Order against S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, etc., Respondents.*

Supreme Court, Special Term, New York County, September 13, 1939.

*Louis Dunst*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*Russell Lord Tarbox* of counsel], for the respondent.

SHIENTAG, J. This is an application for an order directing tne board of elections of the city of New York to print the official primary ballots for all of the election districts of the sixth Assembly district, New York county, without a voting circle for any group which does not present a complete slate of designees for the party position of member of the county committee in any election district.

*Affd., 257 App. Div. 1069.

Petitioner is a candidate for the county committee in the nineteenth election district of the sixth Assembly district. The opposition candidates have been allowed to intervene in this matter and have raised the point that petitioner is an aggrieved candidate, within the meaning of subdivision 3 of section 330 of the Election Law, only in the election district in which she is a candidate for the office of county committeeman, and that she is not entitled to maintain this proceeding with respect to any other election districts. This contention is in accord with repeated decisions of this court (*Matter of Cioffi, Matter of Davis, Matter of Fitzpatrick*, N. Y. L. J. Sept. 9, 1939, p. 581), on the authority of *Matter of Padgug* (N. Y. L. J. Sept. 5, 1935, p. 656; affd., 245 App. Div. 849). However, those decisions should not be here controlling because the other election districts similarly situated are entitled to equal treatment by the board of elections. This matter should, therefore, be decided on the merits.

The petitioner's principal contention is based on subdivision 6 of section 108 of the Election Law. This section was amended by chapter 955 of the Laws of 1935 by the insertion of two new sentences which provide that " At the head of each such groups of candidates for any party position shall be printed a blank circle half an inch in diameter. Each such circle shall be surrounded by the following instructions, plainly printed: ' For a straight ticket, mark within the circle.' " Petitioner argues that the Legislature intended this to apply only to groups of candidates constituting a complete slate for the county committee in an election district. Therefore, it is argued that since only ten candidates were designated in the " Samuel Fassler petition " for the nineteenth election district, and since a complete slate calls for eleven candidates, the ten candidates are not entitled to have a voting circle printed on the ballot over their group.

It is contended that the Legislature by the use of the words, " For a straight ticket, mark within the circle," meant that it should be a complete ticket. I am not in accord with this contention. The language of section 108 does not show that the Legislature intended to limit the use of the voting circle in this manner. The " groups of candidates " entitled to receive the voting circle are defined in the preceding sentence of subdivision 6, which says that " where two or more candidates are to be elected to a party position, the names of the candidates designated by each petition shall be grouped." Then the Legislature says that at the head of " such groups " there shall be printed a voting circle. Subdivision 1 of the same section 108 prescribes that the ballot shall carry a printed instruction stating that " to vote a straight ticket for all candidates

whose names are printed on this ballot within a group for a party position you may make a cross X mark within the circle below the title of the party position." It is clear that the Legislature by the use of the words straight ticket did not mean necessarily that it be a complete ticket, but meant only that it be a straight ticket for all candidates within the group. The group as defined in subdivision 6 can be two or more candidates designated by each petition. It is noteworthy that this has been the invariable practice of the board of elections since 1935, when the voting circles were introduced for such purposes.

The petitioner, furthermore, is not injured by the printing of a voting circle over the group of candidates represented by the intervenor here. The intervening party would, however, be seriously prejudiced by the omission of the voting circle over the group of candidates which he represents, since that would require the voters to make ten cross X marks on the ballot instead of one.

The motion to compel the board of elections to print the official primary ballots without a voting circle for any group which does not present a complete slate of designees for the county committee is denied. Order signed.