In the Matter of the Application of RAYMOND ENRIGHT and Others, Appellants, for the Determination of the Court as to Their Designations, and Others Similarly Situated, for the Office of County Committee of the 23d, 24th, 30th, 31st, 32d, 33d, 34th, 35th, 36th, 37th and 38th Election Districts of the First Assembly District West in New York County, and for an Order Validating the Designating Petitions of the Petitioners and Others Similarly Situated Who Were Designated by Such Petitions for the Office of Party Position of County Committeemen in the Election Districts Aforementioned, and for an Order Restraining the Board of Elections of the City of New York from Invalidating and Striking Out the Petitions Designating the Said County Committee Above Described, or, in the Alternative, if the Said Petitions Have Already Been Invalidated or Stricken, Directing the Said Board of Elections of the City of New York to Validate the Said Petitions, and Compelling the Said Board of Elections to Print the Names of the Said Persons Above Mentioned as Candidates for the Party Position of Such County Committee Aforementioned, to Be Voted for at the Primary Election to be Held on the 19th day of September, 1939, and for Other and Further Relief, Respondents.

First Department, September 18, 1939.

*Benjamin Gassman,* for the appellants.

*William J. O'Shea* of counsel [*Elmer F. Quinn,* attorney], for the respondents.

CALLAHAN, J.   Petitioners herein (eleven in number) are candidates for the position of county committeemen in the Democratic primaries to be held in eleven election districts of the first Assembly district.   Each petitioner is making the application for relief in his own behalf as well as in behalf of all other candidates named on the petition with him in his said election district.   We thus have a situation where at least one candidate for county committee has applied to the court for relief for himself and for all others similarly situated in his election district.

The court below resolved all questions of fact in favor of appellants and determined that the petition was improperly invalidated by the board of elections, but, in view of the fact that only eleven petitioners had verified the petition, it limited the relief sought to the eleven actually joining in the application and denied the relief to the remaining 120 candidates whom the eleven sought to represent.   In so ruling, Special Term held that the petitioners were not " candidates aggrieved " with respect to the rejection of the petition, except as to the action taken concerning their own candidacies.

We believe this determination was erroneous.   Section 12 of the Election Law provides that the county committee of each party shall be constituted by the election of at least two members in each election district.   The number may be increased by party rules. Thus it is fixed by law that at least two committeemen shall be elected in each election district.   Section 330 of the Election Law, subdivision 1, provides that proceedings to determine any questions arising concerning the designation of a party candidate may be instituted " by any candidate aggrieved " by the action taken concerning such designation.   Said section provides that it shall be construed liberally.   The construction placed on the section by Special Term is that all candidates are required to join in a proceeding to reinstate a petition designating them.   Such construction might often result in the denial of relief where petitions had been improperly rejected.   The Election Law (§ 330) does not require that a proceeding be brought by " all " candidates aggrieved, but permits it to be brought by " any " candidate aggrieved.

The contention of respondents that petitioners may be acting without authorization as to some of the other candidates within

their respective election district is without force when we consider the fact that none of the candidates sought to be thus represented has declined the designations involved.

It appearing that each of the 131 committeemen was entitled to the relief sought on the merits, the application should have been granted as to all of them.

The ground upon which respondents seek to dismiss the order appealed from is not presented by the record.

The order, in so far as appealed from, should be reversed and the motion granted as to all of the 131 candidates involved.

O'MALLEY and COHN, JJ., concur; GLENNON and DORE, JJ., dissent.

Order, so far as appealed from, reversed and the motion granted as to all of the 131 candidates involved.