GEORGE H. WILSON, Plaintiff, v. SATAN's TOE, INC., and NEAL R. ANDREWS, Defendants, by Original Summons and between the Said SATAN's TOE, INC., and NEAL R. ANDREWS, Appellants, v. DAVID WARK GRIFFITH and Others, Defendants; WOODSON R. OGLESBY, Respondent.— Action to recover on a promissory note. Order denying appellants' motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

## (March 20, 1940.)

EDMOND H. HENDRICKSON and Another, Appellants, v. THE COUNTY OF WEST-CHESTER and Others, Respondents.— Motion granted to the extent of providing for the refund of tolls collected; otherwise denied. Order signed. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Application of LOUIS L. CANTWELL, an Aggrieved Candidate for the Party Position of County Committeeman of the Democratic Party in the 75th Election District of the Ninth Assembly District, Kings County, in Behalf of Himself and Others Similarly Situated in Various Other Election Districts of the Ninth Assembly District, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, and JOSEPH J. MADDEN, Objector Herein, Respondents, for an Order Declaring Valid, Proper and Legally Effective the Designating Petition Filed with the Board of Elections Designating the Petitioner and Others as Candidates for the Party Position of County Committeeman and Placing Petitioner's Name and the Names of Others Similarly Situated on the Official Primary Ballot.— Order modified by directing that as to the petition which designates Louis L. Cantwell for the party position of county committeeman of the Democratic party in the seventy-fifth election district such petition is declared valid and the board of elections is ordered to file the same. As thus modified, the order is affirmed, without costs. The petitioner was not qualified or authorized to file a petition in respect of election districts other than the seventy-fifth election district. The designating petition in that district, consisting of sheets consecutively numbered from 211 to 217, inclusive, was a valid petition under section 135 of the Election Law. The better practice would be to have fastened together the designating petition in each election district nominating county committeemen. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.