In the Matter of the Application of JAMES P. RYAN and Others, etc., Petitioners, for the Determination of the Court as to the Designation of MARY ELLEN HOAR and Others, etc., Named in the Petition Headed by Committee on Vacancies, etc., Commonly Known as the "Flood Petition," etc., and S. HOWARD COHEN and Others, Respondents.*

Supreme Court, Special Term, New York County, September 3, 1941.

*Francis J. McCaffrey*, for the petitioners.

COHALAN, J.   Motion to strike out and remove from the records of the board of elections the entire so-called "Flood Petition" on the ground the documents show on their face a failure to comply with section 135 of the Election Law.   This section provides for the form of a designating petition.   The supporters of Mr. Flood and his associates place at the head of their petition the language of the section.   This language reads in part in the alternative.   It states: "I do hereby designate the following named person (or persons) as a candidate (or as candidates) for nomination by such party for public office (or public offices) or for election to the party position (or party positions) of such party."   The opponents of the Flood petition claim that the use of this disjunctive language makes the petition defective.   An examination of the document indicates that a reading of it would show clearly the names of. the persons whom the petitioners wish named for public office and the

---

* Affd., 262 App. Div. 956; 286 N. Y. 685.

names of the other persons whom the petitioners wish named for party positions. The petition must be read in its entirety and should not be defeated because of the language which is found in the statute itself. (See Opinions of Attorney-General [1935], p. 429.) From a reading of the complete petition no one could be deceived as to the candidates selected by the petitioners or as to the position for which they hope to elect them.

Motion denied.