In the Matter of ELI A. PEARSON et al., and on Behalf of Others Similarly Situated, Appellants, against BOARD OF ELECTIONS OF THE CITY OF SYRACUSE, Respondent.

In the Matter of JACK BUCKLE et al., and on Behalf of Others Similarly Situated, Appellants, against BOARD OF ELECTIONS OF THE CITY OF SYRACUSE, Respondent.

Fourth Department, September 8, 1954.

*Vincent A. O'Neil* for appellants.

*Morris Garber* for respondent.

*Per Curiam.* The appellants may maintain representative proceedings under section 330 of the Election Law, on behalf of candidates for election to the party position of county committeeman in the respective districts of the appellants. (*Matter of Enright* v. *Board of Elections of City of N. Y.,* 257 App. Div. 601, appeal dismissed 282 N. Y. 691; *Matter of Boschetti* v. *Heffernan,* 275 App. Div. 999, affd. 300 N. Y. 454.) They may not maintain representative proceedings on behalf of such candidates in election districts other than their own. (*Matter of Cantwell* v. *Cohen,* 259 App. Div. 742, affd. 282 N. Y. 744; *Matter of Bokor* v. *Cohen,* 172 Misc. 448, affd. 257 App. Div. 1069; *Matter of Corn* v. *Cohen,* 181 Misc. 832, affd. 267 App. Div. 891.)

The designating petitions involved here conform to the mandatory requirements set forth in the first paragraph of section 135 of the Election Law. We are only concerned with the question of whether such petitions are " substantially " in the form set forth in the second paragraph of said section. The statutory form is in the alternative and embraces both candidates for election to party position at the primary and the nomination of candidates for public office at such primary. The petitions under consideration omit a reference to " election to party position " and in the preamble and column head refer to " nomination " for public office. However, in the body of the petitions, it clearly appears that the appellants were designated to the party position of " County Committeeman " and " County Committeewoman " and there appear the respective residences of the designees by street, number and city. Following the name of each signer is the residence address by street, number and city and the number of his ward and election district in the city. Considering the petitions as a whole, it seems quite apparent that the signers of the petition intended to designate the appellants as candidates for election as county committee-

men from the respective election districts at the ensuing primary. It can hardly be said that they were deceived by the form of the preamble in thinking they were designating appellants to any office or position except that of county committeeman from their own election districts. There is no one else to be deceived or confused except the board of elections and the intention of the signers must be apparent to the board. If the names of the designees are upon the primary ballot, the party voters will not be confused or deceived in expressing their choice for the party positions. We conclude that, liberally construed, the petitions substantially conform to the requirements of the statute. (*Matter of Ryan* v. *Cohen*, 177 Misc. 559, affd. 262 App. Div. 956, affd. 286 N. Y. 685; *Matter of Carusone* v. *Varney*, 277 App. Div. 326, affd. 301 N. Y. 669; *Corn* v. *Cohen*, 49 N. Y. S. 2d 913.) We agree with the statement in *Matter of Carusone* v. *Varney* (*supra,* p. 328) : '' The clear purpose of enrolled voters who seek to designate candidates should be given effect if possible, and not frustrated by technical objections relating to matters not of a vital and mandatory nature.''

The orders appealed from should be modified and the motions of the petitioners should be granted insofar as they relate to the petitions in the 5th district of the 15th ward and the 4th district of the 16th ward of the city of Syracuse and the board of elections of the City of Syracuse directed to place upon the primary ballot the names of the persons designated in those districts for the positions of county committeemen, and, as so modified, the orders should be affirmed, without costs to any party.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Orders modified in accordance with the opinion and, as modified, affirmed, without costs of this appeal to any party.