■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER MAZZELLA, Appellant 

 Memorandum: In 1956 appellant was sentenced as a third felony offender. Subsequently, and in February, 1966 an order of a United States District Court vacated one of the prior judgments of conviction upon which the third felony information had been based. On June 8, 1966 defendant was resentenced as a second felony offender. It is now conceded by the prosecution that upon such resentence appellant was not advised of his right to challenge the constitutionality of the prior 1931 felony conviction (Penal Law, § 1943) and his efforts to challenge such conviction were in substance foreclosed. It follows, as the parties now agree, that appellant should be resentenced. (Cf. *People* v. *Haley*, 27 A D 2d 984; *People* v. *Green*, 25 A D 2d 507.) The other issues raised by appellant should be resolved upon the resentence proceeding. (Appeal from judgment of Erie County Court resentencing defendant as a second felony offender.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of ANTHONY VACCARO, Respondent, v. JAMES R. LAWLEY et al., Respondents, and E. J. PEPERONE, Appellant.— 

 Memorandum: Petitioner purports to maintain this proceeding "individually and on behalf of all those similarly situated." He contends that this brings before the court all of the candidates for delegates and alternates to the 8th Judicial District Convention from Assembly Districts located wholly within Erie County. This contention is incorrect. Representative actions under section 330 of the Election Law may be maintained on behalf of candidates in the district of petitioner. They may not be maintained on behalf of candidates in election districts other than petitioner's own. (*Matter of Pearson* v. *Board of Elections*, 284 App. Div. 649; *Matter of Cantwell* v. *Cohen*, 259 App. Div. 742; *Matter of Enright* v. *Board of Elections*, 257 App. Div. 601, appeal dsmd. as academic, 282 N. Y. 691.) Candidates other than those from the 146th Assembly District are not before this court, and we cannot pass upon the validity or invalidity of their petitions. The petition of Vaccaro and others from his Assembly District are in substantial compliance with the requirements of section 135 of the Election Law. No fraud had been demonstrated or claimed. There is no opposing slate. (Appeal from order of Erie Special Term holding the nominating petitions valid.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.