*928 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Petitioners challenge the nominating petitions designating respondents as candidates for Conservative Party Committee-persons in Chautauqua County. Petitioner objectors resided in the same Assembly District as the 246 challenged candidates, but in the same election district as only two of the 246. Supreme Court and the Appellate Division both concluded that petitioners lacked standing to challenge the petitions of candidates in election districts where they were not voters "enrolled to vote for such party position” (Election Law § 6-154 [2]). We agree that, for this reason, the petitions were correctly dismissed as to all respondents except the two in election districts where petitioners were enrolled to vote.
Against a backdrop of litigation concerning the issue of standing (see, e.g., Matter of Gaines v Board of Elections, 32 AD2d 797, affd 25 NY2d 807; Matter of Vaccaro v Lawley, 28 AD2d 809, affd 20 NY2d 653; Matter of Bergner v Meisser, 10 NY2d 787; Matter of Mahoney v Lawley, 301 NY 425), in 1978 the Legislature amended the Election Law. Until December 1, 1978, Election Law § 6-154 (2) did not limit the persons who might object. Effective December 1, 1978, however, the Legislature specified that written objections to a designating petition for a party position might be filed "by any voter enrolled to vote for such party position” (Election Law § 6-154 [2] [emphasis added]). Although no explanation for this particular amendment is offered in the legislative history, we can only conclude that the addition of the plain language of limitation implemented a legislative purpose to lay to rest any doubt regarding the requirement that objectors to petitions for party positions be persons enrolled to vote for those positions.
If there is indeed undue burden in such a requirement, as suggested, redress obviously lies with the Legislature and not the courts obliged to apply the statute as it has clearly been written.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed, without costs, in a memorandum.