■ In the Matter of FRANK CANTATORE et al., Appellants, v COROLEE C. SUNDERLAND et al., Respondents, and EDWARD P. DUNPHY et al., Respondents. [601 NYS2d 191] —In a proceeding to invalidate petitions designating various respondents as candidates in a primary election to be held on September 14, 1993, for the Republican Party positions of Members of the County Committee in the County of Westchester, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated August 3, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners herein, Frank Cantatore and Maura T. Quinn, reside in the City of White Plains and are presently members and officers of the White Plains Republican City Committee. The petitioners both plan to be candidates for higher office within the Republican City Committee at its next reorganization meeting. The petitioners are also candidates for the Republican Party positions of Members of the County Committee in the County of Westchester, within the City of White Plains. The respondents herein are 25 candidates for the Republican Party positions of Members of the County Committee in the County of Westchester, whose designating petitions have been challenged by the petitioners in the instant proceeding. The petitioners reside in the same assembly districts as the respondents, but in different election districts. The Board of Elections of the County of Westchester dismissed the petitioners' challenges on the ground that they lacked standing, and the Supreme Court agreed.

The petitioners argue that as candidates for higher offices

within the White Plains Republican City Committee, they each have a direct, vested, and special interest in determining the validity of the petitions of those persons who will make up the County Committee. These persons, if elected, would in turn became members of the City Committee.

It is clear, however, that under the Election Law, written objections to a designating petition for public office may only be filed "by any voter enrolled to vote for such party position" (Election Law § 6-154 [2]; *Lucariello v Niebel*, 72 NY2d 927, 928). The petitioners do not meet the standing requirements of the Election Law because they are not enrolled to vote in the election districts where the respondents reside. We agree with the Supreme Court that their proceeding must fail for that reason. Mangano, P. J., Thompson, Lawrence and Pizzuto, JJ., concur.