■ In the Matter of KRISTIN CERRETO et al., Appellants-Respondents, v CAROLEE C. SUNDERLAND et al., Respondents-Appellants, and ROBIN L. DALACKY et al., Respondents. [763 NYS2d 511] —In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Kristin Cerreto and Mary Jane Tinari as candidates in a primary election to be held on September 9, 2003, for the Republican Party position of Member of the Westchester County Republican Committee for the 90th Assembly District, Town of Cortlandt, the petitioners appeal from so much of (1) a final order of the Supreme Court, Westchester County (DiBlasi, J.), entered August 4, 2003, and (2) an amended final order of the same court entered August 7, 2003, as denied the petition to the extent of determining that they could not maintain a representative proceeding on behalf of candidates outside of their elec-

tion district, and denied their motion for leave to amend, nunc pro tunc, the caption of the petition to validate to add the names of candidates outside of their election district, and the Westchester County Board of Elections cross-appeals from so much of the final order entered August 4, 2003, as granted the petition to the extent of determining that the petition designating Kristin Cerreto and Mary Jane Tinari as candidates is valid.

Ordered that the appeal from the final order entered August 4, 2003, is dismissed, without costs or disbursements, as that final order was superseded by the amended final order, entered August 7, 2003; and it is further,

Ordered that the notice of cross appeal from the final order entered August 4, 2003, is deemed to be a notice of cross appeal from the amended final order entered August 7, 2003 (see CPLR 5512 [a]); and it is further,

Ordered that the amended final order entered August 7, 2003, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In the designating petition at issue, the identification of the party position sought omitted the town name. However, the petition, read as a whole, was sufficiently informative to show that the town involved was the Town of Cortlandt (see Matter of Amelio v D'Apice, 153 AD2d 713 [1989]; Matter of Donnelly v McNab, 83 AD2d 896 [1981]; Election Law § 6-132). Accordingly, the Supreme Court properly granted the petition to the extent of determining that the petition designating Kristin Cerreto and Mary Jane Tinari as candidates is valid.

The Supreme Court properly determined that the petitioners could not maintain this proceeding as to candidates outside of their election district. It is well settled that a petitioner may not maintain a representative proceeding on behalf of candidates in election districts other than the petitioner's election district (see Matter of Vaccaro v Lawley, 28 AD2d 809 [1967], affd 20 NY2d 653 [1967]; Matter of Cantwell v Cohen, 259 App Div 742 [1940], affd 282 NY 744 [1940]; Matter of Pearson v Board of Elections of City of Syracuse, 284 App Div 649 [1954]). Moreover, the Supreme Court correctly denied the petitioners' motion for leave to amend, nunc pro tunc, the caption of the petition to validate to add the names of those candidates, since this would have amounted to an unwarranted extension of the time limit within which to commence such a proceeding (see Election Law § 16-102 [2]; compare Matter of Pell v Coveney, 37 NY2d 494 [1975]). Altman, J.P., Krausman, Goldstein, Cozier and Rivera, JJ., concur.