Second Department, September, 2013

(September 4, 2013)

In the Matter of Martin Dekom, Appellant, et al., Petitioner, v Joseph Trani et al., Respondents. [971 NYS2d 535]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating certain of the respondents as candidates in a primary election to be held on September 10, 2013, for the party positions of Male and Female Members of the Republican County Committee for certain Election Districts in the 16th Assembly District, and pursuant to CPLR article 78, in effect, in the nature of prohibition to prohibit the respondent Nassau County Board of Elections from taking certain actions, the petitioner Martin Dekom appeals (1), as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Diamond, J.), entered August 5, 2013, as, upon the severance of so much of the petition as sought relief pursuant to Election Law § 16-102, in effect, denied that portion of the peti-

tion and dismissed that portion of the proceeding, and (2) from an order and judgment (one paper) of the same court, also entered August 5, 2013, which granted that branch of the motion of the respondent Nassau County Board of Elections which was, in effect, to dismiss, for failure to state a cause of action, so much of the petition as sought relief pursuant to CPLR article 78, and dismissed that portion of the proceeding.

Ordered that the final order is affirmed insofar as appealed from, and the order and judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly denied so much of the petition as sought relief pursuant to Election Law § 16-102, inter alia, to invalidate the designating petitions of certain of the respondents as candidates for the party positions of Male and Female Members of the Republican County Committee for certain Election Districts in the 16th Assembly District. The petition did not comply with the requirements of CPLR 3014 that pleadings "consist of plain and concise statements in consecutively numbered paragraphs," with each paragraph containing, "as far as practicable, a single allegation," and the appellant could not cure the defective pleading within the time limit for commencing an invalidation proceeding (*see* Election Law § 16-102 [2]). Additionally, the appellant lacked standing to challenge the designating petitions with respect to all of the challenged candidates except the two candidates from the same election district in which the appellant was enrolled to vote (*see* Election Law § 6-154 [2]; *Lucariello v Niebel*, 72 NY2d 927, 928 [1988]; *Matter of Hintz v Board of Elections of City of N.Y.*, 218 AD2d 773, 773 [1995]; *Matter of Cantatore v Sunderland*, 196 AD2d 606, 607 [1993]).

The Supreme Court properly granted that branch of the motion of the respondent Nassau County Board of Elections which was, in effect, to dismiss, for failure to state a cause of action, so much of the petition as sought relief pursuant to CPLR article 78, in effect, in the nature of prohibition to prohibit it from taking certain actions, and dismissed that portion of the proceeding (*see Matter of Podolsky v Bloomberg*, 37 AD3d 354 [2007]).

The appellant's remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.