In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating John P. Gulino as a candidate in a primary election to be held on September 10, 2015, for the party position of Member of the Democratic County Committee, Richmond County, 63rd Assembly District, 51st Election District, the petitioner appeals, as limited by his brief, from so much of a final order of the Supreme Court, Queens County (Dufficy, J.), dated August 4, 2015, as denied so much of his petition as did not raise a challenge to the constitutionality of Election Law § 6-154 (2), as applied to this proceeding, and dismissed the proceeding.
Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating John P. Gulino as a candidate in a primary election to be held on September 10, 2015, for the party position of Member *637 of the Democratic County Committee, Richmond County, 63rd Assembly District, 51st Election District. Among other things, the petition challenged the constitutionality of Election Law § 6-154 (2), as applied to this proceeding. Under the statute, only a person enrolled to vote in the election district in which a candidate resides has standing to challenge a designating petition (see Lucariello v Niebel, 72 NY2d 927, 928 [1988]; Matter of Dekom v Trani, 109 AD3d 769, 770 [2013]; Matter of Haggerty v Board of Elections of City of N.Y., 218 AD2d 773, 773 [1995]; Matter of Cantatore v Sunderland, 196 AD2d 606, 607 [1993]). The Supreme Court denied the petition in its entirety on the ground that the petitioner failed to provide notice of his constitutional challenge to the attorney general pursuant to Executive Law § 71 and CPLR 1012 (b) (1), and dismissed the proceeding.
The Supreme Court’s determination that the petitioner did not give the required notice of his constitutional challenge does not support its dismissal of the remainder of the petition, which did not raise a constitutional challenge. Nevertheless, although the Supreme Court did not address the issue, the record before this Court demonstrates that the petitioner did not have standing to challenge the designating petition. The petitioner was not enrolled to vote in the election district in which Gulino resided and, in fact, was not enrolled to vote in the same assembly district. Therefore, he lacked standing to challenge the designating petition.
The petitioner contends that he had standing because Gulino failed to respond to a request to admit, which asked him to admit that the petitioner had standing, and that, pursuant to CPLR 3123 (a), such failure could be deemed an admission that the petitioner had standing. This contention is without merit. Although CPLR 408 permits service of a notice under CPLR 3123 without leave of court, the request to admit was not properly served in accordance with CPLR 2103 (b). Contrary to the petitioner’s contention, Gulino did not waive any objection on the ground of improper service (cf. Jones v LeFrance Leasing L.P., 81 AD3d 900, 902-903 [2011]). In any event, the request to admit that the petitioner had standing improperly sought an admission concerning a legal conclusion (see Lolly v Brookdale Univ. Hosp. & Med. Ctr., 45 AD3d 537, 537 [2007]; Gomez v Long Is. R.R., 201 AD2d 455, 456 [1994]). Moreover, the respondent Board of Elections in the City of New York did not waive the defense of lack of standing (see Lucariello v Niebel, 72 NY2d at 928). Accordingly, that portion of the petition was properly denied, and the proceeding was properly dismissed.
*638 The parties’ remaining contentions are without merit or need not be reached in light of our determination.
We decline the requests of the petitioner and Gulino for an award of attorney’s fees and costs against each other for allegedly frivolous conduct {see 22 NYCRR 130-1.1 [c]).
Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.